UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE JASSO CARRILLO,

    Plaintiff,

v.                                    Case No. 3:21cv4372-MCR-HTC

ESCAMBIA COUNTY BOARD
 of COMMISSIONERS and
 WILLIAM POWELL,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Jose Jasso Carrillo, proceeding *pro se* and *in forma pauperis*, has filed an amended complaint seeking to assert claims under 42 U.S.C. § 1983 based on Defendants' alleged lack of Covid-19 protocols at the Escambia County Jail ("the Jail").[1]  ECF Doc. 5.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(C).  Because Petitioner has failed to comply with court orders, to keep the Court apprised of his address and to

---

[1] Plaintiff filed the original complaint on or about November 3, 2021.  ECF Doc. 1.  Before the Court screened that complaint, Plaintiff filed the instant amended complaint.

prosecute this case, the undersigned recommends that the case be dismissed without prejudice.

Plaintiff a former pre-trial detainee of the Escambia County Jail (the "Jail")[2] initiated this action by filing a complaint against the Escambia County Board of County Commissioners ("ECBCC") and the Escambia County Jail, ECF Doc. 1, and an incomplete motion to proceed *in forma pauperis*. ECF Doc. 2. On December 21, 2021, the Court denied the motion to proceed *in forma pauperis* and directed Plaintiff to file a complete motion on the proper form or pay the filing fee by January 11, 2022. ECF Doc. 4. On January 5, 2022, the Court received a motion to proceed *in forma pauperis*, ECF Doc. 6, and a first amended complaint. ECF Doc. 5.

On January 11, 2022, the Court granted the motion to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee by February 1, 2022. ECF Doc. 7. However, by February 10, 2022, Plaintiff had not paid the filing fee, so on that date the Court ordered him to show cause by February 24, 2022, why the case should not be dismissed for failure to prosecute. ECF Doc. 8. On February 22, 2022, the Court received the initial partial filing fee, ECF Doc. 9, but also received a notice that the order to show cause had been returned undeliverable because Plaintiff had been released on February 15, 2022. ECF Doc. 11.

---

[2] Plaintiff was incarcerated on September 15, 2021 and was at the Jail at the time he filed the complaint and amended complaint. ECF Doc. 5 at 5.

Case No. 3:21cv4372-MCR-HTC

Therefore, on March 3, 2022, the Court issued an order directing Plaintiff to file a written notice of change of address within seven (7) days. ECF Doc. 12. The Court "as a courtesy, and in this one instance" directed the clerk to send a copy of the order to Plaintiff at 244 Sierra St., Pharr, TX 78557.[3] *Id.*

Additionally, the Court screened the amended complaint, found that it was deficient, and ordered Plaintiff to file a second amended complaint or notice of dismissal within fourteen (14) days (by March 10, 2022). ECF Doc. 12. Plaintiff was warned that "failure to timely comply with this order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court." *Id.* The March 3, 2022 order was not returned as undelivered, but Plaintiff did not timely respond. Therefore, dismissal is appropriate for failure to follow orders of the Court and for failure to prosecute.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case,

---

[3] This is the address on record with the Escambia County Jail. While the Court is directing the clerk to mail Plaintiff a copy of this order to his Texas address, this does not alleviate Plaintiff's obligation to file a notice of change of address with the Court.

Case No. 3:21cv4372-MCR-HTC

when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, a district court may also dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Additionally, dismissal is appropriate for Plaintiff's failure to update the Court with his current address as directed. A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal

of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

      Finally, a "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Accordingly, it is hereby RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to keep the Court apprised of his address, and failure to comply with orders of the Court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of March, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv4372-MCR-HTC